Sydney E. McKenna
Justin Starin
MCKENNA & STARIN
TRIAL ATTORNEYS, PLLC
815 E. Front Street, Suite 4A
P.O. Box 7009
Missoula, MT 59807-7009
Tel.:(406) 327-0800
Fax:(406) 327-8706

Attorneys for the Petitioners

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| THE ESTATE OF ANTHONY GONZALES, JAMIE GONZALES, and CG and AG, minors.<br><br>Petitioners,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Respondent. | Cause No.:<br><br>**PETITION FOR DECLARATORY JUDGMENT** |
|---|---|

**Parties**

¶1     The Petitioners, the Estate of Anthony Gonzales, Jamie Gonzales, CG, and AG submit this petition against Zurich American Insurance Company seeking declaratory relief pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202) and Montana's Uniform Declaratory Judgment Act (Mont. Code Ann., Title 27, Chapter 8).

¶2     The Petitioner, the Estate of Anthony Gonzales, is in probate in Ravalli County, Montana.  Prior to his death, Anthony Gonzales resided in Ravalli County, Montana, with his wife Jamie Gonzales and their minor children CG and AG.

¶3     The Petitioner, Jamie Gonzales, is the widow of Anthony Gonzales.  Ms. Gonzales resides in Ravalli County, Montana.  Montana's Twenty-First Judicial District Court, Ravalli County appointed Jamie Gonzales to be the personal representative of Anthony Gonzales's estate.  *In the Matter of the Estate of Anthony Gonzales* DP-17-65.

¶4     The Petitioners CG and AG are the minor children of Anthony Gonzales (deceased) and Jamie Gonzales.  CG and AG reside with their mother Jamie Gonzales in Ravalli County, Montana.

¶5     Zurich American Insurance Company is incorporated in a state other than Montana and has is its principal place of business in a state other than Montana.

## Jurisdiction

¶6     The Court has jurisdiction pursuant to 28 U.S.C. § 1332, because of the diversity of citizenship between the parties and because the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

///

## Venue

¶7     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in Ravalli County, Montana.  *See* L.R. 1.2(c)(5).

## Facts

¶8     On May 6, 2017, at 12:54 am, Douglas Baldwin was driving a tractor trailer westbound carrying frac sand on the Hwy 23 Bypass near New Town, North Dakota.  At the same time, Anthony Gonzales was driving a tractor trailer carrying crude oil eastbound.  Baldwin veered into Gonzales's lane and crashed into Gonzales head on.  The North Dakota Highway Patrol concluded that Baldwin "entered the east bound" and "collided head on" with Gonzales.  The crash caused both trucks to burst into flames.  The crash and resulting fire killed both drivers.  The doctor who conducted the autopsy of Gonzales's body concluded that he died from "[b]urning by fire and smoke inhalation."

¶9     Anthony Gonzales died at age 29.  He left behind his wife, Jamie Gonzales, and their two children CG (now 8) and AG (now 4).

¶10    At the time of his death, Anthony Gonzales was working for Iowa Tank Lines, Inc., which is a Utah corporation.  Iowa Tank Lines engages in interstate trucking.

¶11    At the time of Anthony Gonzales's death, Iowa Tank Lines had an accident insurance policy with Zurich.  Exhibit A, attached.

¶12    Anthony Gonzales was an insured under the policy.

¶13    Following Anthony Gonzales's death, Zurich began paying benefits under the policy to Jamie Gonzales and to Jamie Gonzales as guardian of the property of CG and AG.

¶14    On September 13, 2007, Misty Melnyk, an agent of Zurich, wrote to Sydney McKenna and alleged that Zurich had a right of reimbursement.  Exhibit B, attached.

¶15    On September 19, 2017, Justin Starin responded to Ms. Melnyk's letter.  Exhibit C, attached.  Mr. Starin's letter explained the made whole doctrine and requested that Zurich cease and desist in its purported subrogation efforts.

¶16    On November 14, 2017, Timothy S. Mentkowski of the Matthiesen, Wickert & Lehrer, S.C. wrote Mr. Starin.  Exhibit D, attached.  Mr. Mentkowski denied the application of the made whole doctrine and asserted Zurich's purported subrogation interest.  Mr. Mentkowski claims that Utah law applies.

¶17    A few days later, on November 20, 2017, the Gonzaleses attended a mediation and settled their claim against Mr. Baldwin.  However, the Gonzaleses have not been made whole.

///

**Declaratory Judgment**

¶18    A controversy exists between the parties for which the Petitioners request a declaratory ruling, pursuant to 28 U.S.C. §§ 2201, 2202 and Mont. Code Ann. §§ 27-8-01, et. seq., that Zurich cease and desist from pursuing its purported subrogation efforts until the Gonzaleses have been made whole.

¶19    Zurich incorrectly claims that Utah law applies.  However, Zurich's policy does not have an effective choice of law provision.  The policy's purported choice of law provision is ambiguous.  The policy provides: "Any provision of the Policy that, on its effective date, is in conflict with the statutes of the state <u>in which the Policy was delivered</u>, is hereby amended to confirm to the minimum requirement of such laws."  (Underline added).  The language "in which the Policy was delivered" is ambiguous.  It does not state "who" is to deliver the policy, nor does it state to whom the policy is delivered.  Under the language of the policy, the applicable law could depend on where the insurer or the policyholder delivered the policy to the insured.  In this case, the insured was Anthony Gonzales and he resided in Montana.  As such, Montana law would apply.  Further, compare the language in Zurich's policy with the unambiguous choice of law provision addressed in *Modroo v. Nationwide Mut. Fire Ins. Co*. 2008 MT 275, ¶ 45, 345 Mont. 262, 191 P.3d 389.  The choice of law provision in *Modroo* provided: "contract law of the State of Ohio governs the interpretation of this contract."  *Id*.

The simple truth is Zurich's purported choice of law provision is ambiguous. Therefore, it must be construed in favor of the insured.

¶20    Montana law has the most significant relationship to the transaction and the parties. Montana law specifically provides that "a contract is to be interpreted according to the law and usage of the place where it is to be performed." Mont. Code Ann. 28-3-102. The place of performance is the place where an insured is entitled to receive benefits. *Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶ 20, 315 Mont. 281, 68 P.3d 703.

¶21    In this case, Zurich is paying benefits to Jamie Gonzales, CG, and AG, all of whom reside in Montana. Further, prior to his death, Anthony Gonzales, the insured, resided in Montana. Montana law has the most significant relationship to the transaction and the parties.

¶22    In contrast, Utah law has an insignificant relationship to the parties. While Iowa Tank Lines is a Utah corporation, it does business in many other states and is engaged in interstate trucking. Further, while Iowa Tank Lines employed him, Anthony Gonzales did not work in Utah. Also, the crash that killed Anthony Gonzales did not occur in Utah. Most importantly, the contract is not being performed in Utah.

¶23    Even if Zurich's purported choice of law provision indicates that Utah law applies, its subrogation provision violates Montana's strong public policy under the

made whole doctrine. The Montana Supreme Court has consistently held subrogation clauses invalid in violation of the made whole doctrine even when the policy has an effective choice of law provision. *Youngblood v. American States Ins. Co.*, 262 Mont. 391, 866 P.2d 203 (1993); *Swanson v. Hartford Ins. Co.*, 2002 MT 81, ¶15, 309 Mont. 269, 46 P.3d 584. In *Youngblood*, the Montana Supreme Court held an Oregon policy with a subrogation provision was invalid because it violated the made whole doctrine. The Court wrote: "The choice of law provision in the insurance contract would result in medical payment subrogation under Oregon law. Because such subrogation violates Montana's public policy, that term of the insurance contract at issue here is not enforceable." 262 Mont. at 400, 866 P.2d at 208. In *Swanson*, the Montana Supreme Court wrote: "We [] hold that it is the public policy in Montana that an insured must be totally reimbursed for all losses as well as costs, including attorney fees, involved in recovering those losses before the insurer can exercise any right of subrogation, regardless of any contract language providing to the contrary." ¶ 28. In *Swanson*, the Montana Supreme Court also held a Colorado choice of law provision invalid because it violated Montana's made whole doctrine. It wrote: "[W]e conclude that application of the Colorado choice of law provision violates Montana public policy, and that Montana's "made whole" doctrine shall be applied to the subrogation provision." ¶ 33. This bottom line is that Zurich's subrogation provision violates Montana's

made whole doctrine and cannot be saved by Zurich's purported choice of law provision.

¶24    Further, even if Zurich's purported choice of law provision applies, Montana has a materially greater interest in this matter than Utah.  As discussed above, the place of performance is Montana because that is where Zurich is providing benefits to Jamie Gonzales, CG, and AG.  The location of the subject matter of the contract was Montana because that is where the accidental death benefits are being paid.  With regard to the location of the parties: Anthony Gonzales, the insured, was domiciled and resided in Montana; Jamie Gonzales and CG and AG, the beneficiaries of the contract, are domiciled and reside in Montana; while Iowa Tanks Lines is incorporated in Utah, it is engaged in interstate trucking, and at the time of the crash was employing Anthony Gonzales to drive truck in North Dakota.

¶25    Zurich may not seek subrogation until the Gonzales family has been made whole.  Accordingly, the petitioners respectfully request that this Court order:

    a.    Zurich to cease and desist its purported subrogation efforts, until the Gonzales family has been made whole,

    b.    Zurich to pay the Gonzales' attorney fees,

    c.    Zurich to pay the Gonzales' costs,

    e.    any other relief the Court deems proper.

Dated this 21th day of November 2017.

                /s/ Justin Starin
                Justin Starin Attorney
                McKenna & Starin Trial Attorneys, PLLC
                P.O. Box 7009
                Missoula, MT 59807
                justin@mslawmt.com
                406-327-0800